

No. 14–0633/AF.   U.S. v. Dustin A. Miller.   CCA 37869.   Appellee's motion to strike Appellant's reply is denied.

Monday, December 8, 2014

No. 14–0783/NA. U.S. v. Marshand A. Woods. CCA 201300153. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY DENYING A CHALLENGE FOR CAUSE AGAINST THE COURT–MARTIAL PRESIDENT, WHO SAID THE "GUILTY UNTIL PROVEN INNOCENT" STANDARD IS "ESSENTIAL" TO THE MILITARY'S MISSION?

Briefs will be filed under Rule 25.

No. 15–0011/AF. U.S. v. Joshua K. Plant. CCA 38274. On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUPPORT THE FINDING OF GUILTY TO CHARGE V AND ITS SPECIFICATION (CHILD ENDANGERMENT) BECAUSE THE EVIDENCE FAILED TO PROVE APPELLANT'S ALCOHOL USE ALONE AMOUNTED TO CULPABLE NEGLIGENCE THAT ENDANGERED THE WELFARE OF L.P.

Briefs will be filed under Rule 25.

No. 15–0029/AR. U.S. v. Levi A. Keefauver. CCA 20121026. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> WHETHER THE ARMY COURT ERRED IN FINDING THE PROTECTIVE SWEEP WAS APPROPRIATE IN TOTAL.

Briefs will be filed under Rule 25.

No. 15–0059/NA. U.S. v. Darron D. Ward, Jr. CCA 201400021. On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> THE CONVENING AUTHORITY ISSUED AN INSTRUCTION THAT LIMITED COURT–MARTIAL MEMBER NOMINATIONS TO PERSONNEL ONLY IN THE PAY–GRADES BETWEEN E–7 AND O–5. THE LOWER COURT FOUND THIS SYSTEMATIC EXCLUSION OF PERSONNEL TO BE ERROR, BUT HARMLESS. SHOULD THIS COURT